**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHARLES H. CARTER** | : CIVIL ACTION NO. 2:19-cv-01215-WSS |
| **Plaintiff,** | : |
| vs. | : JURY TRIAL DEMANDED |
| | : |
| **FITNESS INTERNATIONAL, LLC,** | : |
| **t/d/b/a LA FITNESS INTERNATIONAL** | : |
| **LLC, a/k/a LA FITNESS, a/k/a LA** | : |
| **FITNESS, LLC and JOHN DOE** | : |
| | : |
| **Defendants.** | : ELECTRONICALLY FILED |

**BRIEF IN SUPPORT OF DEFENDANT FITNESS INTERNATIONAL, LLC'S
OMNIBUS MOTIONS IN RESPONSE TO PLAINTIFF'S COMPLAINT**

AND NOW, comes Defendant, Fitness International, LLC, t/d/b/a LA Fitness International, LLC, a/k/a LA Fitness, a/k/a LA Fitness, LLC, (hereinafter "Moving Defendant"), by and through its counsel, Rawle & Henderson LLP, and respectfully requests this Honorable Court to dismiss Plaintiff's Complaint as against Moving Defendant for failure to state a claim upon which relief can be granted, or, in the alternative, to dismiss Plaintiff's claim for punitive damages for failure to state a claim upon which relief can be granted. In the event this Court declines to dismiss all claims against it, Moving Defendant requests that this court strike the portions of the Complaint outlined below as scandalous and impertinent or, in the alternative, that this Court Order the Plaintiff to define them with greater specificity[2]. In support thereof, Moving Defendant avers as follows:

---

[2] A defendant who makes a motion for a more definite statement under Fed. R. Civ. P. 12(e) may join that motion with a Rule 12(b) motion to dismiss. See Thomas v. Independence Twp., 463 F.3d 285, 288, 2006 U.S. App. LEXIS 23685, *1

I. **FACTUAL BACKGROUND**

Plaintiff commenced a civil action against Moving Defendant in the Court of Common Pleas of Allegheny County, Pennsylvania, with the filing of a Praecipe for Writ of Summons on April 15, 2019. Plaintiff filed a Complaint on September 3, 2019. *See* Exhibit "A" – Plaintiff's Complaint. Moving Defendant filed a Notice of Removal on September 23, 2019. *See* Exhibit "B" – Notice of Removal. Plaintiff's Complaint states that Plaintiff was an employee of Pool Management, Inc., also known as American Pool Management, Inc. (henceforth "American Pool") from February 2009 to April 2017, during which time "nearly the entirety of Plaintiff's work" was performed at the swimming pool at the premises of Moving Defendant. See Exhibit A ¶¶ 7-9. (quotations added). Plaintiff alleges that he was exposed to unsafe, humid working environments and inhaled mold and chemicals resulting in injuries and impairment. See Exhibit A ¶10.

II. **ARGUMENT**

   A. **Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

When considering a motion to dismiss under F.R.C.P. 12(b)(6), the Court must accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the Complaint, the plaintiff may be entitled to relief.  See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). In order for a Complaint to survive a motion to dismiss, it must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory". Twombly, 550 U.S. 544 at 562. Plaintiff's Complaint cannot be granted on the grounds alleged and therefore must be dismissed.

B. **Motion to Dismiss for Failure to Join an Indispensable Party Pursuant to Federal Rule of Civil Procedure 12(b)(7)**

Under Federal Rule of Civil Procedure 19, a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if the court cannot accord complete relief among existing parties in that person's absence.

Plaintiff alleges "nearly the entirety of Plaintiff's work" for American Pool was performed at the Moving Defendant's premises: therefore implying that some portion of Plaintiff's work was performed elsewhere. See Exhibit A, ¶9.  As such, the entities responsible for the other location or locations where Plaintiff performed work are known to Plaintiff but unknown to Defendant. Any other "locations" where Plaintiff worked performing pool and spa maintenance for American pool are indispensable parties which must be joined as parties to this matter.

This Honorable Court cannot accord relief among the existing parties in the absence of the owners and/or operators of the other pool and spa locations at which Plaintiff worked and at which Plaintiff's alleged injuries may have been incurred.  As such, Plaintiff's Complaint must be Dismissed for Failure to Join an Indispensable Party.

C. **Motion to Dismiss Punitive Damages Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

In the alternative, should this Court not grant Moving Defendant's Motion to Dismiss as to the entire Complaint, Plaintiff's claim for punitive damages should be dismissed.  Plaintiff fails to allege sufficient facts to give rise to punitive damages against Moving Defendant under F.R.C.P. 12(b)(6) and, as a result, the Prayer for Relief seeking punitive damages must be dismissed against Moving Defendant.

The Complaint alleges that Moving Defendant "actively concealed the extent of the dangerous conditions on the premises by hiding mold and moisture build up on the walls of the premises in the pools area," which Plaintiff alleges consisted of hanging graphic art on the walls. See Exhibit A ¶13, 20.  Hanging art or using mechanical ventilation and dehumidifiers cannot reasonably be construed as behavior rising to the level of warranting punitive damages. Plaintiff also alleges without any support that Moving Defendant "willfully and wantonly added an unsafe amount of chemicals" to the pool in order to pass unspecified regulatory tests. See Exhibit A ¶21, 23. Plaintiff fails to articulate what regulatory tests were applicable. The use of fans and humidifiers is standard and does not meet the requirements for negligence, much less the culpability required for punitive damages.

The allegations against Moving Defendant contained in Plaintiff's Complaint do not include any actual "intentional", "wanton", "willful", "malicious" or "outrageous" conduct necessary to support a claim for punitive damages, nor does the language in the Complaint give rise to punitive damages. Under Pennsylvania law, allegations of recklessness must be supported by evidence of conduct more serious than the commission of an underlying tort.  See Franklin Music Company v. American Broadcasting Companies, 616 F.2d 528, at 542 (3d Cir. 1979); see also Castetter v. Mr. B Storage, 699 A.2d 1268, 1271-72 (Pa. Super. 1997).

Punitive damages are only appropriate when an individual's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton, or reckless conduct.  See SHV Coal, Inc. v. Continental Grain Co., 526 Pa. 489, at 493, 587 A.2d 702, at 704 (Pa. 1991)(requiring evidence of "outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." ). The Supreme Court of Pennsylvania has embraced the guideline of Section 908(2) of the Restatement (Second) of Torts regarding the imposition of

punitive damages: "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." See Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355 (Pa. 1963); Feld v. Merriam, 506 Pa. 383, 395, 485 A.2d 742, 747, 1984 Pa. LEXIS 382, *13 (Pa. 1984).  In the present action, even if Plaintiff's allegations are accepted as true, such allegations do not rise to the required level of culpability necessary to justify a claim for punitive damages against Moving Defendant.

Plaintiff has failed to plead any facts that Moving Defendant was "willful" or "wanton" beyond boilerplate accusations branding Moving Defendant as such; therefore, Plaintiff's Complaint, as it relates to Moving Defendant, fails to support a claim for punitive damages. For the reasons set forth above, and more fully explained in Moving Defendant's Brief in Support of its Motion to Dismiss Plaintiff's claim for punitive damages against Moving Defendant should be dismissed.

D. **Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f) or, in the alternative, Motion for a More Definitive Statement Pursuant to Federal Rule of Civil Procedure 12(e)**

Pursuant to F.R.C.P. 12(f), The Court may strike from a pleading any impertinent or scandalous matter upon a motion made by a party before responding to a pleading. The purpose of F.R.C.P. 12(f) is "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." See McInerney v. Moyer Lumber and Hardware, Inc., 244 F.Supp.2d 393, 402 (E.D.Pa. 2002) and Nelson v. Bender, 2015 U.S. Dist. LEXIS 163619, *11, 2015 WL 8207490. An "impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question;" A matter is scandalous if it "improperly casts a derogatory light on

someone, most typically a party to the action." See Donnelly v. Commonwealth Fin, Sys., No. 07-cv-1881, 2008 U.S. Dist. LEXIS 28604, 2008 WL 762085, at *4 (M.D.Pa. Mar. 20, 2008).

The Complaint consist of multiple instances of impertinent and/or scandalous matter, as follows:

   a. "actively concealed" Exhibit A, ¶ 13
   b. "foreseeable victim" Exhibit A, ¶ 15
   c. "failed to control the conduct of their employees or the employees of independent contractors" Exhibit A, ¶ 16
   d. "aggravated and worsened Plaintiff's condition." Exhibit A, ¶ 21
   e. "superior actual knowledge" Exhibit A, ¶ 22
   f. "willfully and wantonly" Exhibit A, ¶ 23
   g. "willfully and wantonly deceived Plaintiff by clandestinely adding extra chemicals" Exhibit A, ¶ 24
   h. "possessed actual knowledge… prompted by pecuniary motives" Exhibit A, ¶ 26

All such scandalous and impertinent material should be struck from the Complaint.

In the alternative, pursuant to Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. See USCS Fed Rules Civ Proc R 12 and Thomas v. Independence Twp., 463 F.3d 285, 288, 2006 U.S. App. LEXIS 23685, *1. Moving Defendant is unable to prepare a response to the above sections of the Complaint, which are baseless and lack information sufficient to put Moving Defendant on notice of the claims against it. Additionally, Paragraph 29 of the Complaint includes a blank space where it would

appear a date ought to have been entered informing Moving Defendant of the date Plaintiff discovered his symptoms; Moving Defendant cannot prepare a response nor adequately investigate Plaintiff's claims without this information. Exhibit A, ¶ 29. Plaintiff must be ordered to provide a more definite statement with regard to the above discussed sections of the Complaint.

### III.     CONCLUSION

For the reasons set forth above, Moving Defendant respectfully requests that this Honorable Court grant its Motion to Dismiss Moving Defendant from the instant lawsuit. In the alternative, Moving Defendant respectfully requests that this Honorable Court dismiss Plaintiff's demand for punitive damages as against Moving Defendant. In the event this Court declines to dismiss all claims against it, Moving Defendant requests that this court strike the portions of the Complaint outlined below as scandalous and impertinent or, in the alternative, that this Court Order the Plaintiff to define them with greater specificity.

Respectfully submitted,

RAWLE & HENDERSON LLP

By: _____
     John C. McMeekin II, Esquire
     Identification No.: 81250
     Sarah J. Simkin, Esquire
     Identification No. 320646
     ***Attorneys for Defendant, Fitness International, LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned document was filed electronically with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case and was served upon the following via first class mail, postage prepaid to the following:

John J. Zagari, Esquire
Michael J. Zagari, Esquire
1801 Lawyers Building
428 Forbes Avenue
Pittsburgh, PA 15219
Counsel for Plaintiff

RAWLE & HENDERSON LLP

By: _____
John C. McMeekin II, Esquire
Sarah J. Simkin, Esquire

Dated: September 27, 2019