IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES H. CARTER,** | CIVIL ACTION NO: 2:19-cv-01215-WSS |
| **Plaintiff,** | ELECTRONICALLY FILED |
| | JURY TRIAL DEMANDED |
| v. | |
| **FITNESS INTERNATIONAL, LLC, t/d/b/a LA FITNESS INTERNATIONAL, LLC, a/k/a LA FITNESS, a/k/a LA FITNESS, LLC and JOHN DOE,** | |
| **Defendants.** | |

## AMENDED COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, Charles H. Carter, by and through his attorneys, John J. Zagari, Esquire, and Michael J. Zagari, Esquire and files the within Amended Complaint in Civil Action against the Defendant, Fitness International, LLC t/d/b/a LA Fitness International, LLC, a/k/a LA Fitness, a/k/a LA Fitness, LLC of which the following is a statement:

1. Plaintiff, Charles H. Carter is an adult individual who resides at 581 Guylyn Drive Pittsburgh, Allegheny County, Pennsylvania 15235.

2. Defendant, Fitness International, LLC t/d/b/a LA Fitness International, LLC, a/k/a LA Fitness, a/k/a LA Fitness, LLC (hereinafter referred to as "LA Fitness") is a California Limited Liability Company, with its headquarters located at 3161 Michelson Drive, #600, Irvine California 92612-6536.

3. Defendant LA Fitness is authorized to transact and conduct business within the Commonwealth of Pennsylvania, and it is believed and therefore averred that it operates a

facility, fitness club, gym and/or business at 4100 William Penn Hwy #43, Monroeville, Allegheny County, Pennsylvania, 15146, (hereinafter referred to as "the premises").

4. At all times pertinent hereto, LA Fitness acted through its duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of said defendant.

5. At all times heretofore, the Defendant designed, constructed, authorized and/or approved the room containing the swimming pool inside the premises, including but not limited to its location, room size, heating, cooling, air ventilation, humidity control and the location and storage of chemicals involved in the operation of a public pool.

6. At all times heretofore, the swimming pool area of the premises was dangerous and defective in that members of the public, staff and contractors working in the area were exposed to dangerous chemicals, mold and mildew caused by the defects in the structure and ventilation as well as through the negligent and wrongful conduct of agents, servants and/or employees of the Defendant as hereinafter set forth.

7. The Plaintiff, Charles H. Carter, was an employee of American Pools Management, Inc., from on or about February 2011, until April 20, 2017, the date at which time Plaintiff became aware that Plaintiff was suffering from injuries which were related to the actions of the Defendant more thoroughly specified herein.

8. The Plaintiff, Charles H. Carter, was an employee of Pool Management, Inc. from on or about February 2009, to February 2011. The scope of Plaintiff's work included maintaining and regulating water conditions at the LA Fitness premises.

9. During his employment with American Pools Management, Inc. and Pool Management, Inc., nearly the entirety of Plaintiff's work was performed at the swimming pool at the LA Fitness premises.

10. During a significant portion of the time set forth above, while working at the premises as set forth above, Plaintiff was exposed to the unsafe, humid working environment and did inhale mold and chemicals which caused the medical conditions and diseases as hereinafter set forth, resulting in Plaintiff's injuries and impairment.

11. The condition of Plaintiff set forth herein is a direct and proximate result of the negligence of LA Fitness, in that they designed, constructed, approved and/or maintained the air quality inside the pool room and in the course of time used, added and/or removed equipment and chemicals inside the room, thereby creating a dangerous condition, which the defendant knew, or in the exercise of reasonable care, should have known, were inherently, and excessively dangerous to Plaintiff.

12. LA Fitness should have expected that the Plaintiff would not discover or realize the extent of the dangerous conditions that they created on the premises.

13. LA Fitness actively concealed the extent of the dangerous conditions on the premises by hiding mold and moisture build up on the walls of the premises in the pool area.

14. LA Fitness owed Plaintiff a duty to provide a safe workplace and to protect him against exposure to dangerous air conditions.

15. As a foreseeable victim of the dangerous conditions on the premises, LA Fitness owed Plaintiff, a business invitee, a duty of care to maintain its premises in a reasonably safe condition and/or warn or protect him against the dangers on the premises.

16. As the owners of the premises at which Plaintiff worked, Defendant failed to control the conduct of their employees or the employees of independent contractors in order to eliminate his exposure to chemicals and dangerous conditions in the air, although they knew that exposure to said condition created a risk of serious bodily injury and/or death.

17. The risks of exposure to the dangerous conditions was foreseeable to LA Fitness.

18. The premises owned and/or operated by LA Fitness was unsafe due to a hazardous condition: improper ventilation, lack of clean air in-take, humid conditions, and the presence of dangerous pool chemicals and mold in a confined area.

19. At all times aforesaid, LA Fitness knew, or should have known, that exposure to these conditions created a risk of serious bodily injury and/or death.

20. At all times aforesaid, LA Fitness actively concealed these conditions by hiding moldy and bubbling walls in the premises by hanging graphic art over the visibly dangerous portions of the walls.

21. At all times aforesaid, LA Fitness exacerbated the dangerous conditions by using fans and dehumidifiers which blew mold, chemicals, and other irritants into the air in the premises which aggravated and worsened Plaintiff's condition.

22. On information and belief, LA Fitness had superior actual knowledge concerning the hazards of exposure to these conditions and concerning the extent and location of the condition on their premises.

23. Upon information and belief, LA Fitness, unbeknownst to Plaintiff, willfully and wantonly added an unsafe amount of chemicals, including but not limited to excess Calcium Hypochlorite Chlorine Tablets to the pool in an attempt to pass water tests conducted by the Allegheny Health Department and other regulatory agencies.

24.     Defendants were negligent in causing Plaintiff to be exposed to the dangerous chemicals and a humid unsafe environment, and this negligence was a factual, legal, and proximate cause of the injuries set forth in this Complaint.

25.     Upon information and belief, LA Fitness has for the entirety of Plaintiff's time working at the premises, possessed actual knowledge of the presence of dangerous conditions that they knew were hazardous to Plaintiff's health. Prompted by pecuniary motives, LA Fitness, willfully and wantonly ignored and/or failed to act upon said scientific data and their actual knowledge of the dangerous conditions in the following ways:

a. Failing to warn Plaintiff of the dangers at the premises;

b. Failing to close the pool until the dangerous condition was remedied;

c. Failing to adequately repair and/or install proper ventilation system(s) and clean air-intake;

d. Failing to hire adequate contractors and/or employees to remedy to the dangerous conditions;

e. Concealing the presence of mold and dangerous conditions;

f. Adding chemicals to the pool, including but not limited to excess Calcium Hypochlorite Chlorine Tablets, unbeknownst to Plaintiff making the conditions more dangerous;

g. Ignoring indicators of the dangerous condition such as bubbling wall material and air quality tests;

h. Failing to respond to and recklessly and intentionally ignoring and disregarding actual reports of the dangerous conditions at the premises in the days leading up to Plaintiff's injuries;

      i.    Failing to properly monitor and regulate air quality.

      j.    In failing to initiate testing of the air quality inside the pool area.

    26.    At all relevant times, Defendants knew or should have known that the presence of the dangerous conditions at the premises created an unreasonable risk of harm to Plaintiff.

    27.    On or about April 20, 2017, Plaintiff discovered that he was suffering severe and debilitating lung problems and was informed by his physicians following medical testing that his condition was the direct and factual result of his long-term exposure to the unsafe air inside the Defendant's pool.

    28.    As a direct and proximate result of the recklessness, carelessness, negligence, willful and wanton conduct of LA Fitness, as aforesaid, Plaintiff has sustained the following injuries:

      a.    Occupational asthma;

      b.    Lung and airway irritation;

      c.    Difficulty sleeping;

      d.    Difficulty exercising;

      e.    Difficulty breathing;

      f.    Conjunctivitis;

      g.    Chest pain;

      h.    Anxiety;

      i.    Mental and emotional distress;

      j.    Other serious injures not discovered at the time that this complaint is filed

    29.    By reason of the injuries complained of, Plaintiff has suffered great physical pain, suffering, agony, inconvenience, embarrassment and mental anguish and he will, by reason

thereof, continue to suffer great physical pain, suffering, agony, inconvenience, embarrassment and mental anguish in the future.

30. As a result of said injuries, the general health, strength and vitality of Plaintiff has been impaired to his great loss and damage.

31. As a further result of the acts complained of, Plaintiff has incurred various expenses for medical, hospital, physical therapy and rehabilitation care and medicine, all of which will continue into the future.

32 As a further result of the acts complained of, Plaintiff has suffered a loss of income and impairment of earning capacity and power. This loss of income and impairment of earning capacity will continue into the future.

33. As a further result of the acts complained of, Plaintiff will incur other economic loss and damages resulting from his injuries and continuing disability.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, Fitness International, LLC t/d/b/a LA Fitness International, LLC, a/k/a LA Fitness, a/k/a LA Fitness, LLC in an amount in excess of SEVENTY- FIVE THOUSAND ($75,000.00) DOLLARS, together with punitive damages as permitted by law.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

Dated: October 17, 2019         By: ___/s/John J. Zagari, Esquire___
                                    John J. Zagari, Esquire
                                     PA I.D. No. 33753

                                By: ___/s/ Michael J. Zagari, Esquire___
                                    Michael J. Zagari, Esquire
                                    PA I.D. No. 325725

                                ZAGARI & ASSOCIATES

                                                  428 Forbes Avenue, Suite 1801
                                                  Pittsburgh, PA  15219
                                                  Email:  john@zagarilaw.com
                                                               michael@zagarilaw.com
                                                  PHONE: (412)765-2993
                                                 FAX:    (412)765-2996
                                                 *Attorneys for Plaintiff*